**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Ann York Spann,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-20-00534-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Lisa Ann York Spann's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 18), seeking judicial review of that denial. Defendant SSA filed an Answering Brief, (Doc. 19), to which Plaintiff replied, (Doc. 22). The Court has reviewed the parties' briefs, the Administrative Record ("AR"), (Docs. 13, 13-1–13-15), and the Administrative Law Judge's ("ALJ's") decision, (AR at 14–31), and will vacate the ALJ's decision remand for further proceedings for the reasons addressed herein.

**I.    BACKGROUND**

Plaintiff filed an Application for SSDI benefits in March of 2015, alleging a disability beginning in September of 2014. (AR at 17.) Plaintiff's claim was initially denied in June of 2016, (*Id.*), and again on reconsideration in October 2016, (*Id.*). A hearing was held before ALJ Bucci on July 2, 2018. (*Id.*) After considering the medical evidence and opinions, the ALJ determined that Plaintiff suffered from severe impairments,

including morbid obesity, lumbar degenerative disc disease status post fusion, knee disorder, cervical degenerative disc disease, fibromyalgia, and hand arthritis. (AR at 21.) However, the ALJ concluded that, despite these impairments, Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567(b). (AR at 24.) Consequently, Plaintiff's Application was again denied by the ALJ on October 31, 2018. (AR at 31.) Thereafter, on January 18, 2020, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the SSA Commissioner (the "Commissioner")—and this appeal followed. (Doc. 18.)

## II.     LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III.    DISCUSSION

Plaintiff argues that the ALJ committed harmful error by failing to properly weigh Plaintiff's symptom testimony and by improperly weighing the treating medical source opinion evidence. (Doc. 18 at 6–20.) The Commissioner argues that the ALJ's opinion is supported by substantial evidence and is free of legal error. (Doc. 19.) The Court has reviewed the medical and administrative records and agrees with the Plaintiff for the following reasons.

### A.  Plaintiff's Symptom Testimony

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (internal quotation marks omitted). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient. *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040).

Plaintiff argues that although the ALJ sets out some rationales for discounting her testimony, "[t]hese rationales are not clear and convincing, specific and legitimate, and are not based on citation to substantial evidence." (Doc. 18 at 6–7.) Plaintiff alleges that the ALJ decision is patterned upon citations that emphasize normal findings to discount Plaintiff's testimony but ignore the portions of the very treatment notes cited that are consistent with her testimony. (*Id.* at 9.) Plaintiff contends that although the ALJ summarizes the medical evidence of record, she does not actually explain how the evidence is inconsistent with Plaintiff's testimony. (*Id.* at 10.) Plaintiff also contends that it was error for the ALJ to cite Plaintiff's three separate attempts to work to suggest that her

impairments may not be as limiting as alleged. (*Id.* at 14.)

The Commissioner argues that the medical record failed to corroborate Plaintiff's allegations of disability during the relevant period, (Doc. 19 at 5), and that "[i]nconsistency with 'the medical record is a sufficient basis for rejecting the claimant's subjective testimony.'" (*Id.* at 5–6 (quoting *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008)). The Commissioner contends that Plaintiff's ability to work at near substantial gainful activity levels during the relevant period "plainly suggests that her impairments may not have been as limiting as alleged." (*Id.* at 8.) The Commissioner also argues that the ALJ properly weighed medical evidence when citing to portions of the record that did not support Plaintiff's symptom testimony. (*Id.* at 9.)

Here, the ALJ failed to provide clear and convincing, specific, and legitimate reasons for discounting Plaintiff's testimony. Specifically, the ALJ appears to have cherry-picked snippets in the record to discredit Plaintiff's testimony without considering evidence, in the same notes, that supports her testimony. The ALJ also failed to adequately explain how the evidence is inconsistent with Plaintiff's testimony. The ALJ stated that "[w]hile the claimant's surgical history gives a plausible explanation for her pain and limitations, the clinical evidence and treatment record suggest her complaints of debilitating pain were not supported fully prior to the date last insured." (AR at 26.) However, the ALJ produced little evidence to discredit her testimony. For example, in the ALJ's order she cites to medical records for the proposition that—while the Plaintiff periodically reported pain after surgery—Plaintiff also stated that she was feeling better. (See *id.*) However, the physical therapy notes cited by the ALJ show that just ten days later Plaintiff reported pain in her back that was six out of ten in intensity after taking pain medication. (AR at 447.) The ALJ's opinion noted that "claimant was noted as ambulating independently and appeared to have no significant difficulty transitioning from sitting to standing or walking from the waiting room to the evaluation room." (AR at 26.) However, simply because Plaintiff did not appear to have trouble walking from a waiting room to an evaluation room does not mean that she did not experience chronic pain or that the pain

did not affect her daily living and ability to work. *See Corless v. Comm'r of Soc. Sec. Admin.*, 260 F. Supp. 3d 1172, 1179 (D. Ariz. 2017) ("A person may be disabled without constantly appearing unhealthy or in acute distress."). Finally, the ALJ noted in the opinion that "while some physical examinations revealed tenderness to palpation of the lumbar spine, a more recent examination in November 2017 revealed only tenderness at the site of a rash on her back." (*Id.*) However, the same note explained that her back pain was actually getting worse. (AR at 1050.) These are all examples of how the ALJ failed to provide clear and convincing, specific, and legitimate reasons for discounting Plaintiff's testimony regarding her chronic back pain.

Furthermore, the ALJ concluded that Plaintiff's work attempts suggested that her impairments may not have been as limiting as alleged. (AR at 28.) Plaintiff had three separate work attempts in call centers during the relevant period of alleged disability. (AR at 43.) In one case, she was unable to maintain employment for even a week due to the severity of her symptoms and absenteeism. (*Id.*) In another case, she quit in lieu of being fired within three months of starting work due to absenteeism. (*Id.*) Her other work attempt ended with her termination before the end of her probationary period due to absenteeism. (*Id.*) The Ninth Circuit has determined that the fact that a plaintiff has worked for a brief period of time, alone, is not a clear and convincing reason for rejecting subjective pain and symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) ("Indeed, we have suggested that similar evidence that a claimant tried to work and failed actually *supported* his allegation of disabling pain." (emphasis original)). Here, too, the fact that Plaintiff tried, but failed, to work actually supports—rather than discredits—her pain and symptom testimony. Thus, it was not a clear and convincing, specific and legitimate reason for rejecting her testimony.

Therefore, the Court finds that the ALJ erred by failing to provide clear and convincing, specific, and legitimate reasons for discounting Plaintiff's subject pain and symptom testimony.

**B. Evaluation of Medical Testimony**

### 1. Nurse Practitioner Young

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians; those who examined but did not treat the claimant are examining physicians; and those who neither examined, nor treated the claimant are non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who did not treat the claimant." *Id.* This is so because treating physicians have the advantage of in-person interaction and typically a longer history of treatment than a claimant's other doctors, and their "subjective judgments . . . . are important, and properly play a part in their medical evaluations." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle*, 533 F.3d at 1164 (quoting *Lester*, 81 F.3d at 830–31). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* An ALJ meets this standard by "setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Plaintiff argues the ALJ erred by improperly weighing the opinion of Nurse Practitioner ("NP") Jennifer Young. (Doc. 18 at 16.) Plaintiff also argues that the only other rationale that the ALJ gave for giving little weight to NP Young's statement, that her assertion is an opinion reserved for the Commissioner, was improper because NP Young's statement included comments on Plaintiff's medical condition and diagnoses in addition to the opinion. The Commissioner argues that NP Young's statement was one reserved to the Commissioner because it was an opinion about whether she could work. (Doc. 19 at 11.)

Here, the ALJ gave "little weight" to the opinion of NP Young. (AR at 28.) The ALJ wrote:

> Because this opinion is not from an acceptable medical source, I give it less weight than other qualifying medical source opinions (20 CFR 404.1513(a)(e)). Additionally, to the extent that Ms. Young's opinion relates to the claimant's ability to work, As [sic] an opinion on an issue reserved to the Commissioner, this statement is not entitled to controlling weight and is not given special significance pursuant to 20 CFR 404.1527(d).

(*Id.*) The Court has reviewed the letter authored by NP Young that Plaintiff claims the ALJ improperly rejected. That letter contains very little substance. (*See* AR at 609.) It simply states that Plaintiff's chronic pain is preventing her from engaging in activities of daily living and from working. (*Id.*) The letter then lists her medical conditions. (*Id.*)

The ALJ properly rejected NP Young's letter. Her letter constitutes nothing more than an opinion about whether Plaintiff could work. It contains little substance besides listing her conditions. NP Young gave no reasons for her conclusion. Accordingly, the ALJ properly rejected the letter on the grounds that it was a statement regarding NP Young's opinion about whether Plaintiff could work. Moreover, even if this was not the case, Social Security regulations in force at the time of the ALJ decision undisputedly set forth a lower standard for rejecting the opinion of "other" medical sources, including nurse practitioners. However, because the Court finds that the letter contains an opinion reserved for the Commissioner, the Court need not determine whether the ALJ improperly rejected her opinion.

**2. State Agency and Non-Examining Physician**

Lastly, Plaintiff argues that the ALJ erred by preventing Plaintiff from cross-examining the state agency examining and non-examining physicians whose opinions the ALJ gave substantial weight. (Doc. 18 at 18.) Plaintiff also argues that the ALJ erred by giving the opinions themselves substantial weight, as the rationales given for doing so were not based upon substantial evidence in the record. (*Id.*)

Plaintiff has failed to fully explain why the ALJ erred when it failed to allow Plaintiff to cross-examine the state agency physicians. The authority cited by Plaintiff does not support her argument that it was an error for the ALJ to fail to give Plaintiff an

opportunity to cross-examine these physicians.

As to Plaintiff's argument that the ALJ erred in giving the opinions themselves substantial weight, Plaintiff gives scant reasoning to support this argument. As evidence that the ALJ's decision to give substantial weight to these decisions was an error, Plaintiff simply points out that examining physician Dr. Cunningham's decision was based, in part, on the ALJ's conclusion that Plaintiff's treatment had been "conservative", labeling this characterization as an obvious error. (Doc. 18 at 18–19.) The Court finds that the Plaintiff's scant rationales are not enough to warrant a finding that the ALJ erred by giving substantial weight to the opinions of the state agency physicians.

## IV.  SUPPLEMENTAL BRIEFING

Plaintiff filed an additional pleading informing the Court that on April 13, 2021, the agency issued a decision finding Ms. Spann disabled as of November 1, 2018—just one day after the ALJ's denial opinion which is now subject to this Court's review. (Doc. 23 at 1.) Plaintiff asks the court for a scheduling order if additional briefing is needed. The Court finds that this fact is irrelevant to the current order and that additional briefing is not necessary.

## V.  HARMFUL ERROR

The Court "will not reverse the decision of the ALJ for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti*, 533 F.3d at 1038.

Here, the ALJ's error in improperly rejecting Plaintiff's symptom testimony was harmful. The rejection of her symptom testimony may have had an effect on the ALJ's ultimate disability determination. Specifically, the ALJ found that Plaintiff suffered from severe impairments including morbid obesity, lumbar degenerative disc disease status post fusion, knee disorder, cervical degenerative disc disease, fibromyalgia, and hand arthritis. (AR at 21.) The ALJ determined that "[w]hile the claimant's surgical history gives a plausible explanation for her pain and limitations, the clinical evidence and treatment records suggest her complaints of debilitating pain were not supported fully prior to the

date last insured." (AR at 26.) However, the ALJ failed to give clear and convincing, specific, and legitimate reasons for discounting her testimony. Without such evidence, the ALJ's decision is not supported by substantial evidence. Therefore, the Court will vacate the ALJ's October 31, 2018 opinion and remand this case to the ALJ.

## VI.     REMAND

If the ALJ's decision is not supported by substantial evidence or suffers from harmful legal error, the district court has discretion to reverse and remand either for an award of benefits or for further administrative proceedings. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). "Remand for further proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). "Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Id.* (citing *Smolen*, 80 F.3d at 1292). Here, Plaintiff contends that the ALJ's errors require this Court to remand her case for computation of benefits. (Doc. 18 at 19.) The Court disagrees.

Although the ordinary remedy for reversible error is to remand the case for further administrative proceedings, the credit-as-true rule may apply in rare circumstances where three conditions are present. *Garrison*, 759 F.3d at 1020. First, the record must be fully developed, and further administrative proceedings would not be useful to resolve ambiguities or conflicts. *Id.*; *see Treichler*, 775 F.3d 1090, 1101 (9th Cir. 2014). Second, the ALJ must have failed to give "legally sufficient reasons for rejecting evidence," including subjective testimony and medical opinions. *Garrison*, 759 F.3d at 1020. Third, if the discounted or rejected evidence was credited as true, the ALJ would be required to find that the claimant is disabled. *Id.* Even if all three conditions of the credit-as-true rule are met, the Court may remand for further proceedings "when the record as a whole creates

serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.[1]

Here, further proceedings are appropriate. First, neither party is arguing that the record is not fully developed. Second, the ALJ, indeed, failed to give legally sufficient reasons for rejecting Plaintiff's symptom testimony regarding her chronic back pain. Third, if Plaintiff's discounted testimony were to be credited as true, it is not entirely clear whether the ALJ would be required to find that Plaintiff is disabled. The record contains some conflicting evidence concerning whether Plaintiff could perform light work. This is a situation where the record as a whole creates doubt as to where Plaintiff is, in fact, disabled within the meaning of the Social Security Act. Thus, this is not the rare circumstance where the credit-as-true rule mandates a remand for the computation of benefits.

Therefore, after an analysis of the credit-as-true rule, the Court will remand this case to the ALJ for further proceedings to determine whether Plaintiff is disabled.

**VII.   CONCLUSION**

Therefore,

**IT IS ORDERED** vacating the October 31, 2018 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** remanding this case for further proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** instructing the Clerk to enter judgment consistent with this order and terminate this case.

Dated this 17th day of August, 2022.

Honorable Susan M. Brnovich
United States District Judge

---

[1] Although Plaintiff's Opening Brief contains no analysis of the credit-as-true rule, the Court will nonetheless examine the rule.